# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

CLARENCE R. SANKS,            )
                              )
    Plaintiff,            )
                              )
v.                            ) Case No. CV407-177
                              )
MICHAEL WILLIAMS, *Correctional* )
*Officer II, Coastal State Prison* and )
B. GOULIC, *Staff Nurse, Coastal* )
*State Prison*,               )
                              )
    Defendants.           )

## REPORT AND RECOMMENDATION

Plaintiff, currently a prisoner at Rogers State Prison, has filed a complaint pursuant to 42 U.S.C. § 1983 against officials at the Coastal State Prison. On November 27, 2007, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity of official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

Plaintiff's complaint alleges that Correctional Officer Michael Williams "choked and punched" him during a cell search, causing a

fracture to his nose. (Doc. 1 at 5.) He further alleges that after the beating he was taken to Nurse Goulic, who failed to examine him or give him pain medication for his broken nose. (Id.) He seeks compensatory and punitive damages for his pain and suffering along with injunctive relief. For the reasons set forth below, the complaint survives initial review as to Officer Williams but should be dismissed as to Nurse Goulic.

**A. Excessive Force Claim**

Plaintiff first alleges that Officer Williams "used excessive force" when Williams choked and punched him during a cell search, busting plaintiff's lip and causing blood to come from his nose. (Doc. 3 at 5.)

Allegations of excessive force occurring post-conviction must be reviewed under the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 318 (1986). Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

3

cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002).

Plaintiff's complaint describes the officer's conduct and the injuries he sustained but does not provide any further details regarding the events surrounding the use of force. Plaintiff's factual recitation, therefore, does not specifically rule out the possibility that the officer employed force in a good faith effort to restore order rather than "maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-321. Nevertheless, under the simplified notice pleading scheme of the federal rules, Fed. R. Civ. P. 8(a); see Form 9, Fed. R. Civ. P. (sufficient for a plaintiff to allege that "defendant negligently drove a motor vehicle against" him, without any additional assertion of facts), the Court concludes that plaintiff's assertion that the officer used "excessive force" when he choked and punched him is sufficient to give defendant fair notice of the nature of his claim and the basis upon which it rests.[1] See Iqbal v. Hasty, 490 F.3d 143, 156 (2d Cir. 2007) (noting that the new "plausibility standard"

---

[1] The Court is mindful that it must liberally construe the filings of pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972).

4

announced in <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007) did not abolish notice pleading or condemn "all legal conclusions in a pleading, as long as the defendant is given notice of the date, time, and place where the legally vulnerable conduct occurred"); <u>see also</u> 5 Charles Alan Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004). Accordingly, plaintiff has stated a claim under the <u>Hudson</u> standard, though barely. Officer Williams, therefore, must be served with the complaint so that he may answer plaintiff's allegations.

### B. Denial of Necessary Medical Care

Plaintiff also alleges that Nurse Goulic failed to properly diagnose and treat him for the injuries he sustained in the beating. (Doc. 1 at 7.)

In <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to [the] serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth

Amendment." Id. at 105. For example, a complaint alleging "negligen[ce] in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. Id. at 106. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id.

Plaintiff's claim against Nurse Goulic fails to state a claim for relief under § 1983. After the beating, plaintiff was promptly brought to Nurse Goulic for a medical examination. (Doc. 1 at 7.) She then sent him for an x-ray, after which he was diagnosed by the x-ray examiner and released. (Id.) Plaintiff contends that more should have been done by way of diagnosis and treatment. (Id.) However, "the question of whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Estelle, 429 U.S. at 107. A medical decision not to order further diagnostic tests or treatment does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is state court. Id. at 106; Baker v. McCollan, 443 U.S. 137, 146 (1979); Dunn v.

Martin, 178 F. App'x 876, 877 (11th Cir. 2006); <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003). Therefore, plaintiff's claims against Nurse Goulic should be **DISMISSED**.

## CONCLUSION

Based on the foregoing, plaintiff's claims against Nurse Goulic should be **DISMISSED**. The Clerk is **DIRECTED** to forward a copy of plaintiff's complaint and this Report and Recommendation to the United States Marshal for service upon defendant Michael Williams.

**SO REPORTED AND RECOMMENDED** this 22nd day of January, 2008.

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA